# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DALE E. BUKOVCAN,**

       **Plaintiff,**

  v.                                                           **Case No. 06-C-173**

**STATE OF WISCONSIN DEPARTMENT OF
CORRECTIONS DIVISION OF PROBATION
AND PAROLE, and AGENT LISA RUH,[1]**

       **Respondents.**

## DECISION AND ORDER

Plaintiff Dale E. Bukovcan has brought this action against the State of Wisconsin Department of Corrections (including the Division of Probation and Parole) and against Probation and Parole Agent Lisa Ruh. The following is plaintiff's complete statement of his claims: "Defendant is denying plaintiff of fundemental [sic] constitutional rights . . . the right to purchase/own realestate [sic], the right to travel, the right to use the internet. Defendant also compels plaintiff to perform under a contract that the plaintiff did not enter into voluntarily." Plaintiff requests that I "grant[] an injunction on the defendant or mediate a suitable agreement between the two partie [sic]." No party has presented anything indicating

---

[1] It is not entirely clear who plaintiff is suing. The defendant portion of the caption in his complaint is worded "State of Wisconsin: Department of Correction; Division of Probation and parole; Agent Lisa Ruh." Given the punctuation and order of terms, it could be interpreted as bringing suit against three entities – the DOC, the Division of Probation and Parole, and Lisa Ruh. It could also be interpreted as a suit against two entities – the Division of Probation and Parole (as a subunit of the DOC) and Ruh. It could additionally be interpreted as a suit against a single entity – Ruh – with the preceding terms used merely to describe Ruh's position. I interpret the present action as do the defendants – as a suit against the DOC and Ruh – because the Division of Probation and Parole is merely a subunit of the DOC.

what action led to this suit. Plaintiff's claims seem to arise from 42 USC § 1983 and the Fourteenth Amendment, and he may also be raising a supplemental contract claim.

Regardless of the underlying actions that may have led to this suit, the Department of Corrections (including its division) must be dismissed because it has sovereign immunity under the Eleventh Amendment.

> Section 1983 . . . does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989) (internal citations omitted). The Wisconsin Department of Corrections is considered an "arm" of the State for sovereign immunity purposes, and Wisconsin has not waived sovereign immunity for suits filed pursuant to § 1983. Arndt v. Wisconsin Dept. of Corrections, 972 F. Supp. 475, 477-78 (W.D. Wis. 1996). Further, Congress has not abrogated the States' sovereign immunity under § 1983. Will, 491 U.S. at 62.

I will not presently dismiss plaintiff's claims against Ruh, as I do not understand them. Defendants argue that the claims against Ruh are barred by Heck v. Humphrey, 512 U.S. 477 (1994). While Heck v. Humphrey bars § 1983 actions that would impugn a valid state conviction (or revocation of probation or parole) it is not clear that plaintiff's claims against Ruh would do so. It is not even clear whether these claims arise from a parole or probation revocation, or from some other action or omission. As such, I will deny defendants' motion to dismiss plaintiff's claims against Ruh without prejudice. If plaintiff wishes to file an amended complaint to clarifying his allegations, I will grant him until November 8, 2006, to do

so.[2]  If plaintiff chooses not to file an amended complaint, Ruh may bring a motion for more definite statement under Fed. R. Civ. Pro. 12(e).  Further, if Ruh brings another motion to dismiss in the future, she may supplement that motion with further clarifying information.

For the reasons stated,

**IT IS ORDERED** that defendants' motion to dismiss is **GRANTED** with respect to the Wisconsin Department of Corrections and the Division of Probation and Parole, and those defendants are dismissed from this action.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss is **DENIED WITHOUT PREJUDICE** with respect to defendant Ruh.

**IT IS ADDITIONALLY ORDERED** that plaintiff may file an amended complaint, if he so wishes, on or before **November 8, 2006.**

Dated at Milwaukee, Wisconsin, this 7th day of October, 2006.

s/Lynn Adelman
LYNN ADELMAN
U.S. District Judge

---

[2] There is no heightened pleading standard in a § 1983 case.  However, plaintiff's complaint arguably fails to give a short and plain statement showing that he is entitled to relief.  See Fed. R. Civ. Pro. 8(a).