# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DALE E. BUKOVCAN,
        Plaintiff,

v.                                                             Case No. 06C173

AGENT LISA RUH,
        Respondent.

## DECISION AND ORDER

Plaintiff Dale E. Bukovcan brought a complaint alleging that defendant denied him "fundemental [sic] constitutional rights . . . the right to purchase/own realestate [sic], the right to travel, the right to use the internet. Defendant also compels plaintiff to perform under a contract that the plaintiff did not enter into voluntarily." In a decision dated October 7, 2006, I dismissed plaintiff's claims against the Wisconsin Department of Corrections and its subdivisions due to sovereign immunity. Defendants argued that I should also dismiss plaintiff's claims against defendant Ruh because such claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). I stated that it was not clear from plaintiff's complaint that his case was barred by Heck v. Humphrey. Thus, I denied defendants' motion to dismiss plaintiff's claims against Ruh, but invited Ruh to bring a motion for more definite statement under Fed. R. Civ. P. 12(e). Before me is defendant Ruh's motion for a more definite statement.

Rule 12(e) is appropriately used to narrow issues, disclose the boundaries of claims, and expedite and simplify proceedings. Scarbrough v. R-Way Furniture Co., 105 F.R.D. 90, 92 (E.D. Wis. 1985). Rule 12(e) strikes at the unintelligibility of a complaint. Scarbrough, 105 F.R.D. at 92. The purpose of Rule 12(e) is to "enable the moving party to prepare a responsive pleading, if one is required, by guaranteeing adequate notice of the opposing

claims or contentions. Accordingly, where a responsive pleading is not required or permitted, a motion under Rule 12(e) for a more definite statement is inappropriate." Armstrong v. Snyder, 103 F.R.D. 96, 100 (E.D. Wis. 1984) (citations omitted). As I stated in my October 7 decision, plaintiff's complaint does not indicate how defendant Ruh caused the alleged deprivations of his legal rights. However, upon reviewing the docket, on March 2, 2006, defendant Ruh answered plaintiff's complaint without requesting further information. As such, I should not have invited Ruh to bring a motion for a more definite statement, as a more definite statement was not needed to permit defendant Ruh to respond to plaintiff's complaint.

Rather, the details of plaintiff's claims against Ruh will have to be fleshed out through discovery and any argument that such claims are barred by Heck v. Humphrey or some other doctrine will have to be presented to me at a later date in a dispositive motion.

**Therefore,**

**IT IS ORDERED** that defendant's motion for a more definite statement is **DENIED**.

**IT IS FURTHER ORDERED** that to expedite a resolution of this case, the parties shall abide by the following scheduling order:

1. **Discovery.** All requests for discovery shall be served by a date sufficiently early so that all discovery is completed no later than **April 2, 2007**.

   The parties are advised that, pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, defendants may depose the plaintiff and any other witness confined in a prison upon condition that, at least 14 days before such a deposition, defendants serve all parties with the notice required by the rule.

2. **Dispositive Motions.** Motions to dismiss (Rule 12 of the Federal Rules of Civil Procedure) and motions for summary judgment (Rule 56 of the Federal Rules of Civil Procedure), together with briefs, are to be filed no later than **May 2, 2007**, and in accordance with Civil Local Rule 7.1. Copies of Rule 56 and Civil Local Rule 7.1 (E.D. Wis.) are included with this order.

   If a party files a motion for summary judgment, Rule 56 requires a district court to grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The plaintiff is advised that if a defendant files a motion for summary judgment supported by one or more affidavits or other materials, the plaintiff may not rely upon the allegations of the complaint but must introduce affidavits or other evidence to "set forth specific facts showing that there is a general issue for trial." Fed. R. Civ. P. 56(e).

3. **Compliance with Court Rules and Orders.** The plaintiff is further advised that failure to make a timely submission or otherwise comply with the court orders may result in the dismissal of this action for failure to prosecute.

4. **Service.** Under Fed. R. Civ. P. (5(a), a copy of every paper or document filed with the court must be sent to opposing parties.

Dated at Milwaukee, Wisconsin, this 31 day of December, 2006.

/s
LYNN ADELMAN
U.S. District Judge

## Rule 56: Summary Judgment

(a) For Claimant. A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affi-davits for a summary judgment in the party's favor upon all or any part thereof.

(b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

(c) Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

(d) Case Not Fully Adjudicated on Motion. If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

(e) Form of Affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interro-gatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or <u>denials</u> of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

(f) When Affidavits are Unavailable. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may such other order as is just.

(g) Affidavits Made in Bad Faith. Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

## Civil L.R. 7.1: Motion Practice

(a) Every motion must set forth the rule pursuant to which it is made and, except for those brought under Civil L.R. 7.4 (Expedited Non-Dispositive Motion Practice), must be accompanied by (1) a supporting brief and, when necessary, affidavits or other documents, or (2) a certificate of counsel stating that no brief or other supporting documents will be filed. If the movant fails to comply with either (1) or (2) above, the Court may deny the motion as a matter of course.

(b) On all motions other than those for summary judgment or those brought under Civil L.R. 7.4 (Expedited Non-Dispositive Motion Practice), the opposing party must serve a response brief and, when necessary, affidavits or other documents within 21 days of service of the motion. The movant may serve a reply brief and, when necessary, affidavits or other documents, within 14 days from the service of the response brief.

(c) On motions for summary judgment, the opposing party must serve a response answering brief and affidavits or other documents within 30 days of service of the motion; the movant may serve a reply brief and, when necessary, affidavits or other documents within 15 days of service of the response brief. Parties must also comply with Civil L.R. 56.2 regarding additional summary judgment motion procedures.

(d) All filings under this must indicate the date and method of service. On a showing of good cause, the Court may extend the time for filing of any brief. Failure to file a timely brief shall be deemed a waiver of the right to submit it. All papers served under this rule must be filed promptly. (See Fed. R. Civ. P. 5(d).)

(e) Oral argument, if deemed appropriate, may be scheduled at the discretion of the judicial officer.

(f) Except by permission of the Court, principal briefs on motions must not exceed 30 pages and reply briefs must not exceed 15 pages, exclusive of pages containing the statement of facts, the proposed findings of fact as required by Civil L.R. 56.2, exhibits, and affidavits, but inclusive of headings and footnotes. A reply brief and any affidavits or other documents filed with the reply brief must be limited to matters in reply.